IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WAYNE HOGAN                                                                                          PLAINTIFF

v.                                              No. 3:07CV00058 JLH

TRAVELER's INDEMNITY COMPANY
d/b/a THE CHARTER OAK FIRE INSURANCE COMPANY                             DEFENDANT

## OPINION AND ORDER

Traveler's Indemnity Company removed this action from the Circuit Court of Craighead County, Arkansas, based on diversity jurisdiction under 28 U.S.C. § 1332. Through the course of discovery in the case, Travelers propounded a set of requests for admission to Hogan. When Travelers did not receive Hogan's admissions within thirty days as required by Fed. R. Civ. P. 36(a), Travelers filed a Motion to Deem Requests for Admission Admitted. For the following reasons, that motion is denied.

When one party makes requests for admissions and the other party fails to respond in a timely fashion, the Rule 36(a) provides that the requests are deemed admitted. FED. R. CIV. P. 36(a). Responses to such requests are timely if made within thirty days "after service of the request," unless the court has allowed for or the parties have agreed to another time. *Id.* In this case, Travelers served the requests on September 6, 2007. Travelers filed its Motion to Deem Requests for Admission Admitted on October 16, 2007. On October 17, 2007, Hogan filed with this Court its responses to the requests for admission.

Though Hogan's responses were untimely, "the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983); *see also Manatt v. Union Pacific R.R. Co.*, 122 F.3d 514, 516-

17 (8th Cir. 1997). The Eight Circuit has explained, "[b]ecause the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely." *Gutting*, 710 F.2d at 1312. To determine whether a party should be allowed to respond to requests for admission late, this Court applies the test in Rule 36(b) for permitting withdrawal of admissions. Rule 36(b) reads:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

FED. R. CIV. P. 36(b). In this case, allowing Hogan's actual responses instead of deeming admissions admitted would likely "subserve the presentation of merits." More importantly, Travelers has made no showing that it has been prejudiced by the timing of the responses. Prejudice in this context means "the difficulty a party may face in proving its case because of a sudden need to obtain evidence." *Manatt*, 122 F.3d at 517. Travelers has not alleged that it has suffered any prejudice as a result of the timing of the responses.

For these reasons, the motion is DENIED.

IT IS SO ORDERED this 7th day of November, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE